IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA *ex rel.* PATRICIA LESKO,** | Case No. 1:23-cv-02033-PAB |
| **Relator/Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **DENVER CENTER FOR THE PERFOMING ARTS, et al.,** | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

Pending before the Court is Relator/Plaintiff Patricia Lesko's ("Relator") Motion for Leave to File Amended Complaint Under Seal ("Motion" or "Motion to File Under Seal") (Doc. No. 17). For the following reasons, the Court **GRANTS** Relator's Motion. (*Id.*)

**I.     Relevant Background**

On October 16, 2023, Relator filed her Complaint against thirty (30) Defendants. (Doc. No. 1.) Relator's Complaint asserted violations of the False Claims Act ("FCA"), 15 U.S.C. §§ 3729 *et seq.* (*See id.*) Specifically, the Complaint alleged violations of the FCA under 15 U.S.C. § 3729(a)(1)(A) (Presentation of False Claims) and under 31 U.S.C. § 3729(a)(1)(B) (Making or Using False Record or Statement). (*See id.*; Doc. No. 17 at PageID #99.)

On August 28, 2024, the United States of America (hereinafter the "Government") filed a Notice of Election to Decline Intervention ("Intervention Notice") (Doc. No. 13). Therein, the Government provided notice of "its decision not to intervene in this action" and, in relevant part, requested that the Complaint be unsealed. (*Id.* at PageID #70–71.) On August 29, 2024, the Court issued an Order unsealing the Complaint and ordering Relator to serve the Complaint upon the

Defendants. (Doc. No. 14 at PageID #74.) The Court also ordered, in relevant part, that the "seal be lifted as to … all other matters occurring in this action after the date of this Order." (*Id.*)

Thereafter, Relator sought two extensions of time to serve the Complaint on Defendants. On November 1, 2024, Relator sought her first extension for an additional ninety (90) days to serve the Complaint due to personal circumstances of counsel. (*See* Doc. No. 15.) The Court granted Relator's request and extended the deadline for service until February 27, 2025. (*See* 11/5/2024 Entry.) On February 11, 2025, Relator sought her second extension for an additional twenty-one (21) days to serve the Complaint. (Doc. No. 16.) Therein, Relator indicated that counsel had been researching the issues raised by the Government in its decision to decline intervention, and that Relator intended to file an Amended Complaint that would "dramatically pare down the number of Defendants to two that are located in this state and district" based on recently discovered information. (*Id.* at PageID #82.) On February 12, 2025, the Court granted Relator's request and extended the deadline for service until March 20, 2025. (*See* 2/12/2025 Entry.)

On March 13, 2025, Relator filed the present Motion for Leave to File Amended Complaint Under Seal. (Doc. No. 17.) In her Motion, Relator indicates that she has drafted an Amended Complaint that asserts claims against only two Defendants located in this state and district rather than the thirty Defendants named in the original Complaint. (*Id.* at PageID #100.) Further, Relator notes that she has added two claims not pled in the original Complaint: (i) violation of the FCA under 15 U.S.C. § 3729(a)(1)(A)(D) (Conversion of Government Funds); and (ii) violation of the FCA under 15 U.S.C. § 3729(a)(1)(G) (Avoiding or Decreasing an Obligation to Pay). (*Id.*) Finally, Relator indicates that rather than alleging falsification of Defendants' employee counts, Relator has "pled the FCA violation as involving failure to meet the second draw PPP eligibility requirement that, to receive

2

a second draw PPP loan, an entity had to experience a reduction of gross receipts of 25% or more during particular time periods." (*Id.*)

In her Motion, Relator further provides that she has consulted with the Government about these changes to the original Complaint and expressed a concern that the changes may require the Amended Complaint to be filed under seal to allow the Government to investigate claims that were not raised in the initial Complaint. (*Id.* at PageID #100–01.) Based on her representations, Relator indicates that the Government does not object to Relator filing an Amended Complaint under seal. (*Id.* at PageID #101.) Finally, Relator asserts that Defendants will not be prejudiced by her request to file the Amended Complaint under seal as they have not yet been served. (*Id.* at PageID #103.)

On March 14, 2025, Relator filed a Motion to Stay or Extend Deadline for Service of Amended Complaint. (Doc. No. 18.) Therein, Relator requested that the Court stay the current service deadline—until a time in the future ordered by the Court—to allow the Court time to consider the present Motion to File Under Seal. (*Id.* at PageID #93.) Further, Relator reiterates that her Motion to File Under Seal is "intended to avoid any delay that could occur should a defendant assert that the Amended Complaint should have been filed under seal, as well as to provide the [Government] the opportunity to investigate a particular claim and to consider additional legal theories before Defendants are on notice of the substance of the Amended Complaint." (*Id.* at PageID #96.) On March 14, 2025, the Court issued an Order staying the deadline for Relator to serve her Amended Complaint pending the resolution of her Motion to File Under Seal. (*See* 3/14/2025 Entry.)

Accordingly, Relator's Motion to File Under Seal is ripe for a decision.

**II.     Analysis**

In her Motion, Relator seeks leave to file her Amended Complaint under seal. Relator references the FCA's sealed complaint procedure that "grants the United States sixty days to investigate the claims of a *qui tam* plaintiff, 'to determine whether it wants to intervene.'" (Doc. No. 17 at PageID #101.) Relator suggests that the determination of whether her Amended Complaint warrants being filed under seal hinges upon whether the "complaint makes 'new and substantially different' allegations of fraud" or whether the "allegations [are] 'not substantially different from the nature of those already made in the original complaint.'" (*Id.* at PageID #101–02.) Relator points to numerous cases in which amended complaints were challenged on the basis that they should have been re-filed under seal. (*See generally id.*) Thus, Relator maintains that she "intend[s] to avoid any delay that could occur should a defendant assert that the Amended Complaint should have been filed under seal …"[1] (Doc. No. 18 at PageID #96.)

Accordingly, Relator asserts that allowing her to seal the Amended Complaint would provide the Government the opportunity to investigate a "different claim based on the reduction of gross receipts requirement," as well as "consider the legal advantages of examining the claims under the conversion and reverse false claims act prongs of the FCA." (Doc. No. 17 at PageID #102–03.) Relator contends that Defendants will not be prejudiced by this request as they have not been served. (*Id.* at PageID #103.) Finally, Relator references Congress "extending the statute of limitations for Paycheck Protection Program civil enforcement actions to 10 years from the date of the fraudulent

---

[1] This quoted language appears in Relator's subsequently filed Motion to Stay or Extend Deadline for Service of Amended Complaint. (*See* Doc. No. 18.) However, it provides useful context in support of Plaintiff's Motion to File Under Seal and is thus referenced here.

activity, indicating its intent to promote rather than limit opportunities to bring PPP fraud cases." (*Id.*)

The FCA sets forth a sealed complaint procedure as follows:

**(b) Actions by private persons.**

**(1)** A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

**(2)** A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b)(1)–(2). This sealed complaint procedure "grants the United States sixty days to investigate the claims of a *qui tam* plaintiff, who is called a 'relator,' to determine whether it wants to intervene." *U.S. v. Health Possibilities, P.S.C.*, 207 F.3d 335, 337 (6th Cir. 2000).

Courts have reached differing consensuses as to the application of the sealed complaint procedure to amended complaints.[2] *See, e.g.*, *U.S. ex rel. Lynn v. City of Detroit*, 2022 WL 163616, at *4–5 (E.D. Mich Jan. 18, 2022) (collecting cases); *U.S. ex rel. Harper v. Muskingum Watershed Conservancy District*, 2017 WL 4102371, at *7–8 (N.D. Ohio Sept. 15, 2017) (collecting cases); *U.S. ex. rel. Adams v. Remain at Home Senior Care, LLC*, 2021 WL 4398584, at *13 (D.S.C. Sept. 27, 2021). The "majority of district courts [have] held that the FCA's mandatory filing requirement

---

[2] *See also U.S. ex rel. Lynn v. City of Detroit*, 2022 WL 163616, at *4 n.2 (E.D. Mich. Jan 18, 2022) (recognizing that "[c]ourts begin to diverge as to whether, based on the plain language of the statute, a party ever needs to file an amended complaint under seal").

5

[does] not apply to amended complaints, especially where … an amended complaint makes similar allegations of fraud and the government has already been afforded an opportunity to consider whether to intervene." *Lynn*, 2022 WL 163616, at *5; *Harper*, 2017 WL 4102371, at *8.

However, courts have concluded that "[w]here a complaint makes 'new and substantially different' allegations of fraud, a relator may be required to re-seal the amended complaint." *Lynn*, 2022 WL 163616, at *4; *see also Adams*, 2021 WL 4398584 ("[A]n amended *qui tam* complaint should be filed under seal 'when the amended complaint contains new and substantially different allegations of fraud[,]' rather than simply adding 'specificity to the allegations in the original complaint.'"); *U.S. v. Empowering Integrated Care Solutions, LLC*, 2025 WL 843638, at *10 (N.D. Ohio Mar. 18, 2025) (distinguishing between an amended *qui tam* complaint that should be filed under seal for raising "substantively new allegations or claims or names new defendants" as compared to an "amended *qui tam* complaint 'that is substantively similar to the original complaint [and] need not be sealed'").

The Court hereby permits Relator to file her Amended Complaint under seal. In this case, Relator indicates that her Amended Complaint will be filed only against two Defendants rather than the previous thirty. (Doc. No. 17 at PageID #100.) More importantly, Relator contends that the Amended Complaint asserts two entirely new causes of action under the FCA. (*Id.*) Relator intends to assert two new claims of "Conversion of Government Funds" under 15 U.S.C. § 3729(a)(1)(A)(D) and "Avoiding or Decreasing an Obligation to Pay" under 15 U.S.C. § 3729(a)(1)(G). (*Id.*) These new claims do not allege "falsification of [Defendants'] employee counts" like the original Complaint—rather, Relator now advances a theory involving Defendants' "failure to meet the second draw PPP eligibility requirement that, to receive a second draw PPP loan, an entity had to experience

a reduction of gross receipts of 25% or more during particular time periods." (*Id.*) Finally, Relator indicates that her new "Conversion" claim is not subject to Rule 9(b), and thus, filing under seal would permit the Government to evaluate the "legal advantages of examining the claims under the conversion and reverse false claims act prongs of the FCA." (*Id.* at PageID #103.) Accordingly, the Court finds that the new Amended Complaint sufficiently contains "new and substantially different" allegations sufficient to permit filing under seal. *Lynn*, 2022 WL 163616, at *4.

In addition to the above-described differences in the new legal causes of action, numerous other factors support permitting Relator to file the Amended Complaint under seal. First, the Government has been consulted regarding the planned changes to the Amended Complaint and does not object to it being filed under seal. (Doc. No. 17 at PageID #100–01.) Second, permitting the Amended Complaint to be filed under seal would serve judicial economy because doing so would "avoid any delay that could occur should a defendant assert that the Amended Complaint should have been filed under seal …" (Doc. No. 18 at PageID #96.) Third, no party will be prejudiced because Defendants have not yet been served, and both Relator and the Government have consented to the filing. (Doc. No. 17 at PageID #100–01, 103.) Finally, Congress has emphasized the importance of the Government having sufficient time to evaluate whether to intervene in these FCA actions— demonstrated both by Congress "extending the statute of limitations for Paycheck Protection Program civil enforcement actions to 10 years from the date of the fraudulent activity" as well as the FCA explicitly providing that the "Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal …" (*Id.* at PageID #103); § 3730(b)(3).

Accordingly, for the foregoing reasons, the Court grants Relator's request to file her Amended Complaint under seal.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Relator's Motion for Leave to File Amended Complaint Under Seal. (Doc. No. 17.) The Amended Complaint shall remain under seal for **SIXTY (60) DAYS** from the date of this Opinion and shall not be served on the Defendants until the Court so orders. The Government may elect to intervene and proceed with the action within sixty (60) days after it receives both the Amended Complaint and the material evidence and information. The Government may, for good cause shown, move the Court for extensions of the time during which the Amended Complaint remains under seal. Before the expiration of the sixty (60) day period or any extensions obtained, the Government shall: (i) proceed with the action, in which case the action shall be conducted by the Government; or (ii) notify the Court that it declines to take over the action, in which case the Relator shall have the right to conduct the action.

**IT IS SO ORDERED.**

Date: April 16, 2025

                                        *s/Pamela A. Barker*
                                        PAMELA A. BARKER
                                        U. S. DISTRICT JUDGE